UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ALECHIA D. BUFFALO )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>CACH, LLC, and )<br>TAYLOR LAW, PLLC, )<br>)<br>    **Defendants.** ) | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and omissions occurred here, Plaintiff resides here and Defendants transact business here.

### PARTIES

4. Plaintiff Alechia D. Buffalo (Plaintiff) is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant CACH, LLC (CACH) is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Taylor Law, PLLC (Taylor) is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FAIR DEBT COLLECTION PRACTICES ACT

7. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

8. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

9. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

10. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also* Currier v. First Resolution Inv. Corp., 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

11. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, credit card debt alleged to have been originally owed to Bank of America.

12. On information and belief, the debt was later assigned to FIA Card Services, N.A. (FIA).

13. After default, CACH purchased the debt from FIA for purposes of collection from Plaintiff.

14. CACH is regularly engaged in the business of purchasing defaulted consumer debts and attempting to collect them by consumer credit reporting and filing collection lawsuits as the named plaintiff, and hiring third parties for collection from consumers.

15. CACH hired Taylor to attempt collection of the debt from Plaintiff.

16. Taylor is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect the debts by making telephone calls, sending collection letters, filing and prosecuting collection lawsuits against consumers with its client as the named plaintiff, recording judgment liens, and having garnishments and levies issued on behalf of its clients.

*Collection Communications*

17. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

18. On January 19, 2016, Defendants filed a civil summons and complaint in state court against Plaintiff with CACH as the named plaintiff. **Copies filed as Doc. 1-1 to this Complaint (hereinafter "Doc. 1-1").**

19. The state court complaint alleges that Plaintiff owes CACH $11,446.08. **Doc. 1-1, p. 3, ¶ 6, p. 4, ¶ 1.**

20. Defendants attached 49 pages of various documents as exhibits to the Complaint in an attempt to support allegations in the Complaint that the debt is based on a contract between Plaintiff and Bank of America, including purported copies of a 2008 credit card agreement issued by Bank of America, two monthly statements, a bill of sale and

3
Case 2:16-cv-00104-PLR-MCLC   Document 1   Filed 04/29/16   Page 3 of 11   PageID #: 3

assignment of loans that references an electronic file (but does not show Plaintiff's account as part of the transfer), and an affidavit of sale and certification of debt.

21. Defendants also attached to the Complaint a document titled "Affidavit of Claim" allegedly signed by an "authorized agent and a custodian of record of CACH, LLC" that states Plaintiff owes $11,446.08. **Copy filed as Doc. 1-2 to this Complaint (hereinafter "Doc. 1-2").**

22. Despite attaching almost 50 pages of documents to attempt to support the claim that Plaintiff's alleged debt was based on a contract with Bank of America, the Complaint alleged that Defendants brought the action, not upon breach of contract, but "upon Sworn Affidavit". **Doc. 1-1. p. 3, ¶ 6; Doc. 1-2.**

23. The civil summons, complaint, and exhibits were filed against Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that CACH was the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and each is a "communication". **15 U.S.C. § 1692a(2); Docs. 1-1 and 1-2.**

24. The civil summons, complaint, and exhibits, including the sworn affidavit were subsequent communications from the Defendants in connection with collection of the debt (collectively the "collection lawsuit"). **Docs. 1-1 and 1-2.**

25. The collection lawsuit sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed on a delinquent credit card account.

26. An employee of Taylor prepared the civil summons and complaint, which each stated that Taylor was the attorney for CACH.

27. An "authorized agent" of CACH prepared and signed the sworn affidavit. **Doc. 1-2, p. 4.**

28. No employee of Taylor had any direct personal involvement in determining the amount to be demanded in the complaint or in preparation of the sworn affidavit.

29. On or about March 22, 2016, Defendants filed a motion for default judgment (motion) and submitted a proposed order for a default judgment (proposed order) with the state court. **Copies filed as Doc. 1-3 to this Complaint (hereinafter "Doc. 1-3").**

30. The motion and proposed order were filed against Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication". **15 U.S.C. § 1692a(2).**

31. The proposed order stated that Plaintiff was indebted to CACH "in the amount of $11,446.08 plus costs". **Doc. 1-2, p. 3.**

32. Experian, Equifax and TransUnion are each a consumer credit reporting agency as defined in 15 U.S.C. § 1681a(f), and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

33. On February 29, 2016, Plaintiff obtained copies of her Experian, Equifax and TransUnion credit reports, which showed that CACH communicated information to Experian, Equifax and TransUnion that Plaintiff owed the alleged debt, and that the balance owed as of February 2016 is $11,743.00.

34. Each reporting of the alleged debt to Experian, Equifax and TransUnion is a "communication" in an attempt to collect a debt as defined by 15 U.S.C. § 1692a(2).

35. By communicating to Experian, Equifax and TransUnion that Plaintiff owed a different and greater amount than what the collection lawsuit, sworn affidavit, and proposed order

showed, CACH violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), 1692e(10), 1692f and 1692f(1).

### *Requesting Different Amounts*

36. By requesting different amounts in the collection lawsuit, proposed order, and credit reports, Defendants made conflicting statements as to the amount owed by Plaintiff that would be confusing to the least sophisticated consumer as to how much was allegedly owed and resulted in Defendants making a false representation (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

### *False Representation or Implication That Communication is From an Attorney*

37. The FDCPA prohibits debt collection attorneys such as Taylor from representing that a document comes from an attorney unless an actual attorney has meaningfully reviewed the document, and any documents supporting the allegations in the document.

38. Prior to filing the collection lawsuit, no attorney employed by Taylor reviewed any of the underlying facts or documents supporting the allegations in the complaint and sworn affidavit, including that CACH was the current debt owner, the amount to be demanded, date last payment made, charge off date, and what other collection efforts had already been made, to determine if Plaintiff was an appropriate candidate for a civil suit.

39. Listing Taylor as CACH's attorney on the civil summons and complaint and attaching the sworn affidavit falsely represents or implies to the least sophisticated consumer that an attorney employed by Taylor professionally evaluated Plaintiff's alleged obligations, when in fact no such review occurred before the collection lawsuit was filed.

40. Communications in the form of the complaint and sworn affidavit were false, deceptive, and misleading because they were not "from" an attorney in the meaningful sense of the word, and some degree of attorney involvement is required before a communication will be considered "from" an attorney within the meaning of the FDCPA.

41. Listing Taylor as CACH's attorney on the civil summons and complaint and attaching the sworn affidavit to the complaint is sufficient to give the least sophisticated consumer the false impression that all of these communications were from an attorney who had made a meaningful review of the facts alleged in the collection lawsuit prior to it being filed, in violation of 15 U.S.C. § 1692e(3).

42. Upon being served the collection lawsuit, the least sophisticated consumer, may reasonably believe that an attorney has reviewed his or her file and has determined that he or she is a candidate for legal action.

43. Listing Taylor as CACH's attorney in the collection lawsuit when it had not been meaningfully involved with Plaintiff's account prior to the filing of the collection lawsuit violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that an attorney, acting as an attorney, is involved in collection of Plaintiff's debt.

### *Misrepresentation of Plaintiff's Rights Under State Law*

44. The civil summons in the collection lawsuit filed by Defendants against Plaintiff contains the following language:

> You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Company on <u>TAYLOR LAW, PLLC</u> Plaintiff's attorney, whose address is <u>P.O. BOX 436709, Louisville, KY 40253-6709</u> within THIRTY (30) DAYS after this summons has been served upon you, not including the day of

service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

**Doc. 1-1, p. 1.**

45. Tennessee Code Annotated § 24-5-107 states as follows:

    **"24-5-107. Sworn accounts.**

    (a) An account on which action is brought . . . with the affidavit of the Plaintiffs or its agent to its correctness, . . . is conclusive against the party sought to be charged, **unless that party on oath denies the account or except as allowed under subsection (b).**

    (b) **The court shall allow the Defendants orally to deny the account under oath and assert any defense or objection the Defendants may have**". (emphasis added)

46. The amendment that added the above language to the pertinent statute became effective on June 12, 1995, over 20 years ago, and clearly provides that when suit is brought on a sworn account the state court "**shall allow the defendant orally to deny the account under oath and assert any defense or objection the defendant may have**." (emphasis added) *See, 1995 Tenn. Pub. Acts 519*.

47. The Tennessee Court of Appeals confirmed this procedure is mandatory for suit on a sworn account, even in circuit court. *See, Clark Power Servs. v. Mitchell*, 2008 WL 2200047, 2008 Tenn. App. LEXIS 313 (Tenn. Ct. App. 2008), at *5-10 ("[D]efault judgment procedure set forth in Tennessee Rule of Civil Procedure 55.01 cannot be used to shortcut a suit on a sworn account and prevent a defendant from appearing before the court and orally denying the account under oath pursuant to Tenn. Code Ann. § 24-5-107(b)").

48. The communications in the civil summons that:

    You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Company on TAYLOR LAW, PLLC Plaintiff's attorney, whose address is P.O. BOX 436709,

> Louisville, KY 40253-6709 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

**Doc. 1-1, p. 1**, when the Defendants brought the collection lawsuit on a sworn account, not upon breach of contract, are communications by Defendants in connection with collection of a debt and in an attempt to collect a debt that are false, deceptive, and misleading representations of Plaintiff's rights under state law, the threat to take action that cannot legally be taken in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

*Summary*

49. Defendants' above-detailed conduct in connection with collection of the debt was conduct in violation of numerous and multiple FDCPA provisions including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

50. In addition to individual liability under the FDCPA, the acts and omissions of Taylor as an agent for CACH and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principal, CACH.

51. The acts and omissions by Taylor were incidental to, or of the same general nature as the responsibilities it was authorized to perform by CACH in collecting consumer debts.

52. By committing these acts and omissions against Plaintiff, Taylor was motivated to benefit its principal, CACH.

53. CACH is liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by CACH including, but not limited to the above-cited FDCPA violations, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **US Const. amend. 7. Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I-VI.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), and 1692f.

55. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to each and every one of the above-cited FDCPA provisions.

57. As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I-VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), and 1692f.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/29/16                                        Respectfully submitted,

**ALECHIA BUFFALO**

s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff